**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIANNA ELMER, on behalf of herself and all others similarly situated,<br>Plaintiffs,<br>v.<br>AMOL R. KOHLI; et al.,<br>Defendants. | Civil Action No.: 22-2303 (NLH/AMD)<br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Dated: October 24, 2022

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email: gwells@cwglaw.com
rgray@cwglaw.com

**KALIKHMAN & RAYZ, LLC**
Lawrence Kalikhman
1051 County Line Road, Suite A
Huntingdon Valley, PA 19006
Telephone: 215-792-2963
Facsimile: 215-364-5029
Email: lkalikhman@kalraylaw.com

***Attorneys for the Plaintiff & the Proposed Classes***

# TABLE OF CONTENTS


| | | PAGE |
|---|---|---|
| | TABLE OF AUTHORITIES ........ | ii |
| I. | INTRODUCTION ........ | 2 |
| II. | PROCEDURAL POSTURE ........ | 6 |
| III. | RELEVANT FACTS ........ | 7 |
| IV. | STANDARD OF REVIEW | |
| | A. Standard of Review For A Rule 12(b)(2) Motion ........ | 12 |
| | B. Standard of Review For A Rule 12(b)(6) Motion ........ | 15 |
| V. | LEGAL ARGUMENT | |
| | A. This Court Has Jurisdiction Over the Pennsylvania Defendants ........ | 17 |
| | B. Defendants' Reliance on *Fischer* is - At Best - Woefully Premature ........ | 22 |
| | C. In The Alternative, Plaintiff Should Be Allowed Jurisdictional Discovery ........ | 25 |
| | D. The Amended Complaint Adequately Alleges A Single Integrated Enterprise ........ | 28 |
| | E. The Amended Complaint Adequately Alleges Willfulness ... | 36 |
| VI. | CONCLUSION ........ | 39 |


## EXHIBITS

A. Declaration of Gerald D. Wells, III, Esq.
- Exhibit 1: PA SBA case - Verified Complaint
- Exhibit 2: PA SBA case - Motion for Preliminary Injunction
- Exhibit 3: PA SBA case - Verified Amended Complaint
- Exhibit 4: PA SBA case - Defendants' 12(b) Motion to Dismiss
- Exhibit 5: CASE LAW - *AARK Rest. Grp. LLC v. United States SBA*, No. 22-1433, 2022 U.S. Dist. LEXIS 77102, *7 (E.D. Pa. April 28, 2022)

B. Declaration of Brianna Elmer

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*AARK Rest. Grp. LLC v. United States SBA*, No. 22-1433, 2022 U.S. Dist. LEXIS 77102, *7 (E.D. Pa. April 28, 2022) …………………………………….. 4,8,9, 10,18, 20,27, 30

*Atl. Clean Energy Supply, LLC v. Sunergy Cal., LLC,* No. 20-1199-NLH, 2021 U.S. Dist. LEXIS 4585, *10 (D. N.J. Jan. 11, 2021) …………………………..... 28

*Attanasio v. Cmty. Health Sys.,* 863 F. Supp. 2d 417, 421 (M.D. Pa. 2012) ….... 8, 33,34

*Arlington Indus., Inc. v. Elec. Custom Distributors, Inc.*, 817 F. Supp. 2d 473, 477 (M.D. Pa. 2011) ………………………………………………………… 13

*Back2Health Chiropractic Ctr., LLC v. Sentinel Ins. Co.*, No. 20-6717, 2021 U.S. Dist. LEXIS 47791, *14 (D. N.J. Mar. 15, 2021) …………………… 23

*Bellator Sport Worldwide, LLC v. Zuffa, LLC*, No. 10-cv-4091, 2011 U.S. Dist. LEXIS 162468, *7 (D. N.J. Dec. 16, 2011) …………………………… 26

*Blount v. TD Bank, N.A.*, No. 20-cv-18805-NLH-MJS, 2022 U.S. Dist. LEXIS 169467, **5-6 (D. N.J. Sept. 19, 2022) ………………………………… 17

*Bond v. Solvay Specialty Polymers, USA, LLC*, No. 20-cv-08487-NLH-AMD, 2022 U.S. Dist. LEXIS 18739, **18-19 (D. N.J. Feb. 2, 2022) …………… 16,36

*Broadus v. Prison Health Servs.*, No. 16cv0751, 2016 U.S. Dist. LEXIS 118275, *6 (W.D. Pa. Sept. 1, 2016) …………………………………… 16

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) …… 13

*Chadwick v. St. James Smokehouse, Inc.*, No. 14-2708, 2015 U.S. Dist. LEXIS 38340, **5-6 (D. N.J. Mar. 26, 2015) …………………………………… 12,13

*Chernus v. Logitech, Inc.*, No.: 17-673, 2018 U.S. Dist. LEXIS 70784, *8 (D. N.J. April 27, 2018) ………………………………………………………… 23

*Chica v. Constr. Corp.,* No. 21-CV-869, 2022 U.S. Dist. LEXIS 60359, *14 (E.D.N.Y. Mar. 31, 2022) …………………………………………… 31,32

*Daimler AG v. Bauman*, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (U.S. 2014) …. 13

*D'Alessio v. Cty. of Essex,* No. 18-10731, 2021 U.S. Dist. LEXIS 223811, *18 (D. N.J. Nov. 19, 2021) ………………………………………………………… 38

*Engelhardt v. S.P. Richards Co., Inc.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006) …..….... 28

*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ……………………………………………………………………….. 15

**PAGE**

**CASES** (*con't*)


*Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc.*, No. 09-4847, 2009 U.S. Dist. LEXIS 94601, *3 (D.N.J. Oct. 9, 2009) …… 15

*Fischer v. Fed. Express Corp.,* 42 F.4th 366 (3d Cir. 2022) …… 22

*Freeman v. Sam's East, Inc.*, No. 2:17-1786, 2021 U.S. Dist. LEXIS 144906 (D. N.J. Aug. 3, 2021) …… 5

*Ford v. Lehigh Valley Rest. Group, Inc.,* No. 14cv227, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014) …… 37

*GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) …… 13

*Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp.*, 27 Fed. App'x 94, 98 (3d Cir. 2002) …… 18

*Gervino v. Shell Gas Station,* No. CV 2:22-00009, 2022 U.S. Dist. LEXIS 120647 (D. N.J. July 8, 2022) …… 21

*Giordano v. Solvay Specialty Polymers USA, LLC*, 522 F. Supp. 3d 26, 32 (D. N.J. 2021) …… 16

*Grane Health Care v. NLRB,* 712 F.3d 145, 150 (3d Cir. 2013) …… 5,23, 28

*Guzman v. Mana*, No. 17-2551, 2018 U.S. Dist. LEXIS 231914, **8-9 (D. N.J. Dec. 6, 2018) …… 24,25

*Jun Yin v. Hanami Westwood, Inc.,* No. 14-00809, 2016 U.S. Dist. LEXIS 180730, *19 (D. N.J. Dec. 30, 2016) …… 36

*Lincoln v. Apex Human Servs. LLC*, No. 22-341, 2022 U.S. Dist. LEXIS 115639 (E.D. Pa. June 29, 2022) …… 37,38

*Magill v. Elysian Global Corp.*, No. 20-cv-06742-NLH-AMD, 2021 U.S. Dist. LEXIS 63920, *6 n.7 (D. N.J. April 1, 2021) …… 14,17, 20

*Martin v. Linear Eatery, Inc.*, 423 F. Supp. 3d 432, 437 (E.D. Mich. 2019) …… 29

*Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991) …… 36

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334, 51 V.I. 1219 (3d Cir. 2009) …… 13

*N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.,* No. 08-1731, 2010 U.S. Dist. LEXIS 65189, **19-20 (D. N.J. June 30, 2010) …… 20

*NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982) …… 5,28

*NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402, 80 S. Ct. 441, 4 L. Ed. 2d 400 (1960) …… 28

*Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486 (3d Cir, 2001) …… 28,29

**PAGE**

**CASES** (*con't*)

*Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ 6091, 2013 U.S. Dist. LEXIS 35808, **21-23 (S.D.N.Y. Feb. 28, 2013) ........................ 34,35

*Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ................ 16,34

*Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010) ...... 36

*Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 213 (D. N.J. 2020) .. 15

*Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994) ........................ 4

*Reyes v. Altamarea Group, LLC*, No. 10 Civ. 6451, 2011 U.S. Dist. LEXIS 5195, *9 (S.D.N.Y. Jan. 18, 2011) ........................................ 32

*Spruill v. Gillis*, 372 F.3d 218, 236 n. 12 (3d Cir. 2004) ........................ 15

*Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 147 (3d Cir. 2014) ..... 23,30

*Toys "R" Us, Inc. v. Step Two, S.A.* 318 F.3d 446, 456 (3d Cir. 2003) ............. 25

*Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-663 (NLH/AMD), 2015 U.S. Dist. LEXIS 168018, **16-17 (D. N.J. Dec. 16, 2015) ............... 26

*Tyger v. Precision Drilling Corp.*, 832 Fed. Appx. 108, 115-116, n.12 (3d Cir. Oct. 26, 2020) ............................................................ 6

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996)............................................................ 12

*Ward v. Cottman Transmission Sys., LLC,* No. 18-2155 (NLH/JS), 2019 U.S. Dist. LEXIS 24685, *13 (D. N.J. Feb. 14, 2019) ............................... 33

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) ............... 36

*Williams v. Bob Evans Rests., LLC*, No. 18-cv-01353, 2020 U.S. Dist. LEXIS 145852, *23 (W.D. Pa. Aug. 13, 2020) ........................................ 34, 35

*Williams v. PMA Cos.,* 419 F. Supp. 3d 471 (N.D.N.Y. 2019) ............... 34

*Witasick v. Hambrecht*, No. 12-3755 (NLH), 2013 U.S. Dist. LEXIS 41209, n. 10 (D. N.J. Mar. 25, 2013) ................................................ 27

*Xiao v. Sichuan Gourmet LLC*, No. 21-cv-00482, 2022 U.S. Dist. LEXIS 49050, *9 (W.D. Pa. Mar. 18, 2022) ........................................ 29,31

*Ye Ming Huang v. Sakura Mandarin, Inc.*, No. 21-3757, 2022 U.S. Dist. LEXIS 101690, *5 (E.D. Pa. June 7, 2022) ........................................ 28,29, 32,33

**FEDERAL STATUTES**


29 U.S.C. § 201 et seq. (FLSA") .................................................. 5,6,7,23, 24,29,36, 37,38

29 U.S.C. § 203(a), (d) ...................................................... 29


**FEDERAL RULES OF CIVIL PROCEDURE**


Fed.R.Civ.P. 8 ................................................................ 6,8,17,38

Fed.R.Civ.P. 8(a)(2)......................................................... 15

Fed.R.Civ.P. 12(b)(2) ...................................................... 3,12,14, 28,39

Fed.R.Civ.P. 12(b)(6) ...................................................... 3,4,5, 14,15,39


**NEW JERSEY STATUTES**


N.J.S.A. 34:11-56(a) ("NJWHL") ................................................ 6

## I. INTRODUCTION

Defying both logic and their own past representations and actions, Defendants[1] assert that Plaintiff Brianna Elmer's ("Elmer" or "Plaintiff") Amended Class And Collective Action Complaint (ECF No. 16) ("Amended Complaint") should be dismissed for two distinct reasons. First, Defendants make a factual

[1] The term "Defendants" include the following individuals and entities: Amol R. Kohli ("Kohli") and AARK Restaurant Group, LLC ("AARK Restaurant Group"), AARK Enterprises, Inc. ("AARKEI"), AARK Enterprises NJ, Inc. ("AARK Enterprises NJ"), AARK Enterprises PA, Inc. ("AARK Enterprises PA"), AARK Hospitality Bensalem FR, Inc. ("AARK Bensalem"), AARK Hospitality Chadds Ford, Inc. ("AARK Chadds Ford"), AARK Hospitality CWH FR, Inc. ("AARK Cornwell Heights"), AARK Hospitality Danville FR, LLC ("AARK Danville"), AARK Hospitality Dunmore FR, LLC ("AARK Dunmore"), AARK Hospitality East Stroudsburg FR, LLC ("AARK Stroudsburg"), AARK Hospitality Frazer, Inc. ("AARK Frazer"), AARK Hospitality FTW FR, Inc. ("AARKH Fort Washington"), AARK Hospitality Glassboro FR, LLC ("AARKH Glassboro"), AARK Hospitality Gloucester FR, LLC ("AARKH Gloucester"), AARK Hospitality Langhorne FR, Inc. ("AARK Langhorne"), AARK Hospitality Media, Inc. ("AARK Media"), AARK Hospitality Moorestown, Inc. ("AARKH Moorestown"), AARK Hospitality Morrisville FR, Inc. ("AARK Morrisville"), AARK Hospitality Mt. Laurel, Inc. ("AARKH Mt. Laurel"), AARK Hospitality Mt. Laurel II, Inc. ("AARKH Mt. Laurel II"), AARK Hospitality Norristown, Inc. ("AARK Norristown"), AARK Hospitality Northfield, Inc. ("AARKH Northfield"), AARK Hospitality Pennsdale FR, LLC ("AARK Pennsdale"), AARK Hospitality Philadelphia, Inc. ("AARK Philadelphia"), AARK Hospitality Scranton FR, LLC ("AARK Scranton"), AARK Hospitality Sicklerville TK, Inc. ("AARKH Sicklerville TK"), AARK Hospitality Sicklerville, LLC ("AARKH Sicklerville"), AARK Hospitality Springfield, Inc. ("AARK Springfield"), AARK Hospitality Upper Deerfield, Inc. ("AARKH Upper Deerfield"), AARK Hospitality Vineland Mall, Inc. ("AARKH Vineland Mall"), AARK Hospitality Vineland, Inc. ("AARKH Vineland"), AARK Hospitality Voorhees, Inc. ("AARKH Voorhees"), AARK Hospitality Voorhees II, Inc. ("AARKH Voorhees II"), and AARK Hospitality Wilks Barre FR, LLC ("AARK Wilkes Barre").

argument under Fed.R.Civ.P. 12(b)(2) asserting that Plaintiff has failed to demonstrate this Court's jurisdiction over numerous Defendants. Second, Defendants assert a legal argument that Plaintiff has failed to state a claim thereby warranting dismissal pursuant to Fed.R.Civ.P 12(b)(6). Both arguments are meritless.

As set forth herein, Defendants' Rule 12(b)(2) motion is hopelessly undermined by their own prior representations to the United States government, a sister court within this Circuit, the public at large, and their own employees, acknowledging that all Defendants operate as a single integrated enterprise. Yet now, Defendants ask this Court to disregard all of those prior representations and find that they are, instead, separate and distinct entities, ignoring the reality of the intertwined corporate connections between their Pennsylvania locations and New Jersey locations, and the contacts with the State of New Jersey. As detailed herein, the facts gleaned to date demonstrate this Court's jurisdiction. Alternatively, at a minimum, Plaintiff has proffered sufficient evidence to warrant limited jurisdictional discovery to properly demonstrate this Court's jurisdiction over the "Pennsylvania Defendants."[2]

---

[2] For the Court's convenience, Plaintiff will refer to the following entities as the "Pennsylvania Defendants": (i) AARK Enterprises PA; (ii) AARK Bensalem; (iii) AARK Chadds Ford; (iv) AARK Cornwell Heights; (v) AARK Danville; (vi) AARK Dunmore; (vii) ARK Stroudsburg; (viii) AARK Frazer; (ix) AARKH Fort Washington; (x) AARK Langhorne; (xi) AARK Media; (xii) AARK Morrisville;

Defendants' Rule 12(b)(6) legal argument is similarly defective. As set forth in the Amended Complaint, Defendants effectively function as a single integrated enterprise in operating their restaurants. *See* Amended Complaint at ¶2. Defendant Kohli is at the head of that enterprise. Thus, he is legally liable for all the wage violations his employees suffered. These violations include, *inter alia*, failing to comply with the strict tip credit notification requirement – a requirement that the Third Circuit has held is "a firm one"[3] – and requiring Tipped Employees to perform excessive side work in violation of the 80/20 rule. According to a declaration filed with a sister court in this Circuit, Mr. Kohli's enterprise employed "approximately 170 people." *See* Declaration of Gerald D. Wells, III ("Wells Decl.") at ¶20.[4] Thus, there are a significant number of employees potentially at issue in this litigation. Indicative of the integrated enterprise Mr. Kohli runs, almost all communications on behalf of various AARK restaurants (including certain of the Pennsylvania Defendants) to the United States government came from Mr. Kohli. *See AARK Rest.*

(xiii) AARK Norristown; (xiv) AARK Pennsdale; (xv) AARK Philadelphia; (xvi) AARK Scranton; (xvii) AARK Springfield; and (xviii) AARK Wilkes Barre. This reference is for the sake of consistency as Defendants also referred to these entities as the "Pennsylvania Defendants." *See* Defendants' Memorandum of Law In Support of Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19-1) ("Defendants' Brief") at 7.

[3] *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994).

[4] The Wells Decl. is attached hereto as Exhibit A.

*Grp. LLC v. United States SBA*, No. 22-1433, 2022 U.S. Dist. LEXIS 77102, *7 (E.D. Pa. April 28, 2022).

Thus, as alleged in the Amended Complaint and further supported by the facts gleaned to date, Defendants operated and represented themselves as a single enterprise during the relevant time period. It is well established in this Circuit that when "two nominally separate entities are [determined to be] a single employer, they are jointly and severally liable for remedying unfair labor practices committed by either of them." *Grane Health Care v. NLRB,* 712 F.3d 145, 150 (3d Cir. 2013) (citing *NLRB v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982)). As such, no Defendant should be dismissed based on the arguments set forth in Defendants' Rule 12(b)(6) motion.

Finally, Defendants ask this Court to adopt a standard not recognized by the Third Circuit – that willfulness must be demonstrated at the pleading stage.[5] However, as the Third Circuit recently noted, the "applicable statute of limitations is particularly significant in FLSA collective actions" and a plaintiff should be

---

[5] In arguing that their proposed heightened pleading standard "has been adopted by District Courts in the Third Circuit," Defendants cite to *Freeman v. Sam's East, Inc.*, No. 2:17-1786, 2021 U.S. Dist. LEXIS 144906 (D. N.J. Aug. 3, 2021). *See* Defendants' Brief at 32. However, *Freeman* was decided at the summary judgment stage and not the initial pleading stage. *Freeman*, 2021 U.S. Dist. LEXIS 144906, *2 (in granting summary judgment motion, finding "after four years of litigation, there is an absence of evidence in the record to support Plaintiff's claim that Defendant Sam's Club acted willfully in allegedly violating the FLSA.").

afforded an opportunity to adduce evidence of willfulness. *See, e.g., Tyger v. Precision Drilling Corp.*, 832 Fed. Appx. 108, 115-116, n.12 (3d Cir. Oct. 26, 2020) (affirming grant of summary judgment where "Plaintiffs have failed to adduce any evidence" that defendant willfully violated FLSA). As such, Defendants' attempt to prematurely narrow any putative collective class should be rejected.

In short, Defendants' motions amount to nothing more than a dubious attempt to rewrite the Federal Rules of Civil Procedure by dispensing with Rule 8's notice pleading standard and, instead, require detailed fact pleading. Respectfully, Defendants' request for this Court to ignore both Defendants' prior statements and actions and Rule 8's liberal pleading requirements should be rejected. At base, Plaintiff's Amended Complaint amply puts Defendants on notice of the claims against them[6] – that they acted as a single enterprise headed by Mr. Kohli, that willfully violated the Fair Labor Standards Act ("FLSA" or "the Act") and the New Jersey Wage and Hour Law ("NJWHL") and its implementing regulations.[7] Consequently, Defendants' motion should be denied in its entirety.

## II. PROCEDURAL POSTURE

On April 20, 2022, Plaintiff filed her initial complaint asserting violations of

---

[6] Indeed, Defendants' comprehensive Brief makes plain that Defendants are clearly aware of the claims against them. Rule 8 requires nothing more.

[7] The NJWHL and its implementing regulations are collectively referred to herein as "NJ State Law."

the FLSA and NJ State Law. *See* ECF No. 1. Thereafter, Defendants produced certain documents to Plaintiff. On August 26, 2022, Defendant Kohli and Defendant AARKH Gloucester filed an Answer to Plaintiff's Complaint. *See* ECF No. 13 ("Answer"). That same day, the remaining Defendants filed a motion to dismiss asserting this Court lacked jurisdiction over the Pennsylvania Defendants and that Plaintiff failed to state a claim regarding how any of the Defendants (other than Defendant Kohli and Defendant AARKH Gloucester) had an employer-employee relationship with Plaintiff. In response to this motion to dismiss, Plaintiff filed an Amended Complaint. *See* ECF No. 16. The Amended Complaint attached several exhibits including certain documents provided by Defendants. *See* Wells Decl. at ¶8. On September 20, 2022, despite previously filing an Answer, Defendants Kohli and AARKH Gloucester joined the remaining Defendants and filed an omnibus motion to dismiss. *See* ECF No. 19.

## III. RELEVANT FACTS

Defendant Kohli is a resident of the State of New Jersey. *See* Answer at ¶74. He is the president of Defendant AARK Restaurant Group. *See* Answer at ¶35. At the time of their respective incorporation, Defendant Kohli was the lone member of the board of directors for Defendant AARK Enterprises, Inc. and Defendant AARK Enterprises NJ, Inc. *See* Answer at ¶38 and ¶74, respectively.

Defendant Kohli controls the operations of the various AARK restaurants. *See* Amended Complaint at ¶67. He touts that he owns/operates seventeen restaurants in the mid-Atlantic region. *Id.*, at ¶75. He is the sole decision maker for the restaurants, including with respect to labor and compensation policies. *Id.*, at ¶81. Indeed, on several occasions, Plaintiff recalls Defendant Kohli having meetings with employees. *Id.,* at ¶84; *see also* Declaration of Brianna Elmer ("Elmer Decl." at ¶16)[8] (declaring that Defendant Kohli would visit unannounced for a spot inspection of the restaurant and correct employee behavior during such visits). Further, Defendant Kohli admits to using "AARK Enterprises" to solicit and recruit employees for his restaurants. *See* Answer at ¶30.

Publicly available filings by certain Defendants supports Plaintiff's averments. According to a recent complaint filed by certain Defendants, Defendant AARK Restaurant Group "operated, and provided support to eight full-service Friendly's Restaurant franchises located in", *inter alia*, Pennsylvania and New Jersey. *See AARK Rest. Group LLC v. U.S. Small Business Admin.,* No. 22-cv-01433-PD (E.D. Pa.) ("SBA Lawsuit") (Dkt. 11, ¶38).[9] "Each restaurant is owned

[8] The Elmer Decl. is attached hereto as Exhibit B.

[9] For the Court's convenience, a copy of this complaint is attached to the Well Decl. Notably, in deciding the motion to dismiss, the Court may consider all documents set forth in the SBA Lawsuit as they are matters of public record. *See, e.g., Attanasio v. Cmty. Health Sys.,* 863 F. Supp. 2d 417, 421 (M.D. Pa. 2012) ("In deciding a

by a separate, single purpose limited liability company of which Kohli is the managing member . . ." *Id.* "In addition, Kohli owns and (sic) interest and/or operates several other Friendly's restaurant franchises, including Danville, Wilkes-Barre, Glassboro, Dunmore, and Gloucester." *Id.* Per the SBA Lawsuit, Defendant Kohli has an ownership interest in sixteen companies. *See* Wells Decl. at ¶19. Further, in the SBA Lawsuit, Defendant Kohli filed a sworn affidavit wherein he declares that he is the "President, managing member and/or a senior executive" of each company within his "AARK Organization." *See* Wells Decl. at ¶22.

Defendants undisputedly avail themselves to New Jersey. According to the complaint filed by certain Defendants against, *inter alia*, the Small Business Administration, "the SBA regional office in New Jersey provided assistance to" various Defendants. *See AARK Rest. Group LLC v. U.S. Small Business Admin.,* No. 22-cv-01433-PD (E.D. Pa.) (Dkt. 11 ("SBA Complaint"), at ¶81). Notably, some of these plaintiffs included certain of the Pennsylvania Defendants. *See* SBA Complaint. Noting how much Defendant Kohli controls his companies, the court found that "[a]lmost all substantive communications" at issue were between Defendant Kohli and the SBA loan officer. *AARK Rest. Grp.*, 2022 U.S. Dist. LEXIS

motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.").

77102, *7.[10] The Court further noted that AARK Bensalem, AARK Langhorne, AARK Morrisville, and AARK Norristown are "managed by [AARK Restaurant Group] and are considered disregarded entities solely for tax purposes." *Id.*, at *9. Indeed, because they were managed by AARK Restaurant Group (a New Jersey entity, which Defendant Kohli controls), the Court determined that Pennsylvania was an improper venue for their suit. *Id.,* at *2.

In the SBA Lawsuit, Defendants submitted a letter from the Vice President of Commercial Lending at Parke Bank in New Jersey that identified the following Pennsylvania Defendants as having active SBA and PPP loans with his bank. *See* Wells Decl. at ¶¶ 25-27.[11] These Pennsylvania Defendants included AARK Bensalem, AARK Danville, AARK Dunmore, AARK Stroudsburg, AARK Langhorne, AARK Morrisville, AARK Norristown, AARK Springfield, and AARK Wilkes Barre. *Id.*, at ¶27. Defendant Kohli also submitted a fraud affidavit wherein he identified the "legal address" several Pennsylvania Defendants as being in New Jersey. *Id.*, at ¶¶28-29. These Pennsylvania Defendants included AARK Danville,

---

[10] Interestingly, the entities in the SBA Lawsuit sought assistance from a New Jersey U.S. Senator. *AARK Rest. Grp.*, 2022 U.S. Dist. LEXIS 77102, *7.

[11] This factual evidence further buttresses Plaintiff's prior averments. *See, e.g.,* Amended Complaint at ¶82 (noting that PPP loans for AARK Entities were processed through a New Jersey bank).

AARK Wilkes Barre, AARK Dunmore, AARK Springfield, AARK Stroudsburg, and AARK Scranton. *Id.*, at ¶29.

Even at this early stage, evidence abounds that Defendants operate as an integrated enterprise. For instance, Defendants share common management, share employees between locations, and share common human resources and payroll services. *See* Amended Complaint at ¶90. Indeed, the employee handbook provided by Defendants specifically advises employees that the manager on duty may require them "to temporarily work at a different Friendly's location in the area . . ." *Id.*, at ¶114 (quoting employee handbook). Plaintiff herself recalls employees going from one location to another due to a particular restaurant being short-staffed. *Id.*, at ¶91; *see also* Elmer Decl. at ¶¶18-19). Additionally, employees are directed to contact the Human Resources department at the "main Corporate Office" to report any claim and employees are provided an email address for ARRK Enterprise NJ to email said HR department. *Id.*, at ¶¶112-113.

Indicative of the shared employment policies of Defendant Kohli's integrated enterprise, the letter advising employees of pay rate changes was sent to multiple restaurants. *Id.*, at ¶92. In addition, when one AARK restaurant closed, a sign posted in the window advised customers to visit other AARK restaurants (as opposed to closer Friendly's locations not within Kohli's enterprise). *Id.*, at ¶102. Further, when

Plaintiff would briefly work at another restaurant for Defendants, she does not recall being paid by that individual restaurant for that brief time. *Id.*, at ¶138.

Also indicative of the integrated enterprise Defendant Kohli operates, the same "consolidated" employee handbook was used at multiple locations. *Id.*, at ¶¶103-105. The employee handbook detailed various policies applicable to all employees at all Friendly's locations, including required tip sharing provisions. *Id.*, at ¶202. Evincing Defendants' integrated enterprise, the handbook contains references to both Pennsylvania and New Jersey laws and regulations. *Id.*, at ¶106. Moreover, many AARK restaurants share the same business address. *Id.*, at ¶111.

## IV. STANDARD OF REVIEW

### A. Standard of Review For A Rule 12(b)(2) Motion

Fed.R.Civ.P. 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction. New Jersey's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the fullest limits of the Due Process Clause of the Constitution. *Chadwick v. St. James Smokehouse, Inc.*, No. 14-2708, 2015 U.S. Dist. LEXIS 38340, **5-6 (D. N.J. Mar. 26, 2015). Whether the exercise of personal jurisdiction comports with the Constitution's due process limitation is a two-prong inquiry.

> First, the defendant must have made constitutionally sufficient 'minimum contacts' with the forum." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (citing *Burger King Corp. v.*

> *Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). "Second, if 'minimum contacts' are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 150-51 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).
>
> "Minimum contacts" over a non-resident defendant can be established in one of two ways: general jurisdiction or specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334, 51 V.I. 1219 (3d Cir. 2009). General jurisdiction exists where the non-resident defendant has general contacts with the forum state that are "continuous and systematic." *Arlington Indus., Inc. v. Elec. Custom Distributors, Inc.*, 817 F. Supp. 2d 473, 477 (M.D. Pa. 2011) (citing *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). General jurisdiction allows a court to hear any and all claims against a party, even where the cause of action is unrelated to the forum. Id. at 477. Contacts with a forum are "continuous and systematic" where the Defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (U.S. 2014).
>
> Specific jurisdiction is established when a non-resident defendant has "purposefully directed" his activities at a resident of the forum, and the injury arises from or is related to those activities. *GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (citing *Burger King*, 471 U.S. at 472).

*Chadwick*, 2015 U.S. Dist. LEXIS 38340, **6-7. In determining whether a court has personal jurisdiction, the Third Circuit has held that courts "are constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret*

*Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Consequently, "'[a] Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies.'" *Magill v. Elysian Global Corp.*, No. 20-cv-06742-NLH-AMD, 2021 U.S. Dist. LEXIS 63920, *6 n.7 (D. N.J. April 1, 2021) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)). As such, "[t]here is a 'significant procedural distinction' between a motion pursuant to Rule 12(b)(2) and a motion pursuant to Rule 12(b)(6)."[12] *Id.*

"Under Rule 12(b)(2), 'when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction . . .'" *Chernus v. Logitech, Inc.*, No.: 17-673, 2018 U.S. Dist. LEXIS 70784, *8 (D. N.J. April 27, 2018) (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)). In deciding such a motion, "'the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor.'" *Id.* Plaintiff must sustain his/her burden of proof through sworn affidavits and other

[12] At bottom, a Rule 12(b)(6) motion is decided based on what a plaintiff avers while a Rule 12(b)(2) motion is decided based on what a plaintiff can demonstrate with evidence.

competent evidence and a court "may rely upon matters outside the pleadings." *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 213 (D. N.J. 2020).

Notably, "[i]n the Third Circuit, jurisdictional discovery is ordinarily available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction." *Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc.*, No. 09-4847, 2009 U.S. Dist. LEXIS 94601, *3 (D.N.J. Oct. 9, 2009) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009)).

**B. Standard of Review For A Rule 12(b)(6) Motion**

Fed.R.Civ.P. 12(b)(6) provides for the dismissal of a complaint only when the plaintiff has failed to plausibly plead a claim for relief. Importantly, a plaintiff's complaint need only provide notice to a defendant of the claim(s) against it. Fed.R.Civ.P.8. This Honorable Court recently reiterated the proper standard in determining whether a complaint satisfies Rule 8 when it stated:

> Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). The statement of facts "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted). "Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case — some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which

> it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)(internal quotation marks omitted).

*Bond v. Solvay Specialty Polymers, USA, LLC*, No. 20-cv-08487-NLH-AMD, 2022 U.S. Dist. LEXIS 18739, **18-19 (D. N.J. Feb. 2, 2022). Indeed, this Court went on to hold "the standard is not perfect pleading, just pleading that gives 'a reasonable expectation that discovery will reveal evidence of the necessary elements.'" *Id.,* at **18-19 (quoting *Broadus v. Prison Health Servs.*, No. 16cv0751, 2016 U.S. Dist. LEXIS 118275, *6 (W.D. Pa. Sept. 1, 2016)).

In analyzing whether a complaint sufficiently states a plausible claim, a district court must conduct three steps. They include (i) noting the elements of the claim at issue, (ii) disregard allegations that are mere conclusions, and (iii) assume the veracity of the well-pled factual allegations and determine if "the plausibly give rise to an entitlement for relief." *Giordano v. Solvay Specialty Polymers USA, LLC*, 522 F. Supp. 3d 26, 32 (D. N.J. 2021) (citing *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)). Importantly, in weighing a motion to dismiss, a district court asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)). Consequently, a motion to dismiss should be granted only "if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Giordano*, 522 F. Supp. 3d at 32 (citing *Malleus,* 641 F.3d at 563).

Defendants' Brief is replete with unsupported claims that Plaintiff has failed to sufficiently plead enough facts to survive their motions. In essence, Defendants seek what this Court has expressly prohibited – "a complaint that 'meander[s] back and forth across overlapping, yet distinct sets of named defendants and [is] drafted in a hyper-detailed manner that makes it arduous to sift through [the] complaint and stitch together the relevant allegations in relation' to each count . . ." *Blount v. TD Bank, N.A.*, No. 20-cv-18805-NLH-MJS, 2022 U.S. Dist. LEXIS 169467, **5-6 (D. N.J. Sept. 19, 2022) (quoting *Williams v. Willingboro Twp.*, No. CV201114RBKJS, 2020 U.S. Dist. LEXIS 112210, *4 (D. N.J. June 26, 2020)). Such a complaint is improper as it "runs afoul Rule 8." *Blount,* at *6.[13]

## V. LEGAL ARGUMENT

### A. This Court Has Jurisdiction Over the Pennsylvania Defendants

Defendants assert that Plaintiff has failed to demonstrate this Court's jurisdiction over every one of the Pennsylvania Defendants. As an initial matter, this factual inquiry goes beyond Plaintiff's pleading as it is "inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether *in personam* jurisdiction actually lies." *Magill*, 2021 U.S. Dist. LEXIS 63920, *6 n.7 (internal

---

[13] Should this Court decide to dismiss Plaintiff's pleading, Plaintiff respectfully submits that she should be afforded one more opportunity to amend her pleadings "after the benefit of receiving an Opinion from this Court." *Blount*, 2022 U.S. Dist. LEXIS 169467, *9.

quotation omitted). Nonetheless, based on Plaintiff's pleading, publicly available documents, and applicable Third Circuit case law, this Court plainly has jurisdiction over each of the Pennsylvania Defendants.

As an initial matter, several of the Pennsylvania Defendants utilized the New Jersey office of the Small Business Administration in managing their loans. *See AARK Rest. Grp. LLC*, 2022 U.S. Dist. LEXIS 77102. In addition, nine of the Pennsylvania Defendants had SBA and PPP loans being serviced by a New Jersey bank. *See* Wells Decl. at ¶¶25-27. Further, seven Pennsylvania Defendants have their "legal address" in New Jersey. *Id.,* at ¶29. Thus, these Pennsylvania Defendants cannot now claim that they did not purposefully avail themselves to New Jersey. As such, suing them in New Jersey would in no way offend traditional notions of fair play and substantial justice.[14]

Moreover, the Third Circuit points out that "New Jersey courts have determined that a parent corporation's contacts with the forum state may justify exercise of personal jurisdiction over its (wholly-owned) non-resident subsidiary." *Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp.*, 27 Fed. App'x 94, 98 (3d Cir. 2002). The relevant jurisdictional inquiry is "whether the [subsidiary] and the parent

[14] Should Defendants now wish to disavow what they previously submitted to another Court, this motion is not the proper vehicle to do so as Plaintiff is entitled to have "all factual disputes drawn in its favor" on a Rule 12(b)2) motion. *Chernus*, 2018 U.S. Dist. LEXIS 70784, *8 (quoting *Miller Yacht Sales,* 384 F.3d at 97).

... so operate as single entity, or unified and cohesive economic unit, that when the parent is within venue of court, the [subsidiary] is also within court's jurisdiction; [this] 'single entity' test requires that a parent over which the court has jurisdiction so control and dominate a subsidiary as in effect to disregard the latter's independent corporate existence." *Id.*

In *Genesis Bio-Pharmaceuticals*, the Third Circuit noted that there was "ample evidence in the record" that the parent "dominates" its wholly-owned subsidiary "with regard to all business decisions" to render jurisdiction over the out-of-state subsidiary appropriate. *Genesis Bio-Pharmaceuticals*, 27 Fed. Appx. at 98. The Third Circuit also found it notable that the parent and subsidiary "both share the same legal counsel" in the litigation. *Id.*

Here, all Defendants share the same legal counsel. Indeed, they are represented by attorneys from the same office of the same law firm that represented certain Defendants in the SBA Lawsuit. *See, e.g.,* Wells Decl. at ¶31. Further, Defendant Kohli also clearly dominates the subsidiary restaurant entities. According to Defendants' own submissions to a sister court in this Circuit, Defendant AARK Restaurant Group "operated, and provided support to eight full-service Friendly's Restaurant franchises located in the (sic) Pennsylvania, New Jersey and Florida." *See* SBA Complaint, at ¶38. "Each restaurant is owned by a separate, single purpose limited liability company of which Kohli is the managing member . . ." *Id.* "In

addition, Kohli owns and (sic) interest and/or operates several other Friendly's restaurant franchises, including Danville, Wilkes-Barre, Glassboro, Dunmore, and Gloucester." *Id.* Further, Defendant Kohli admits to using "AARK Enterprises" to solicit and recruit employees for his restaurants. *See* Answer at ¶30. Finally, as a sister Court noted, "[a]lmost all substantive communications" regarding various Paycheck Protection Program loans "are between Kohli and [the SBA loan officer]." *AARK Rest. Grp.*, 2022 U.S. Dist. LEXIS 77102, *7. The Court also noted that venue in Pennsylvania was inappropriate as any disbursement of PPP loans received was at the discretion of Defendant Kohli's AARK Restaurant Group – a New Jersey entity. *Id.*, at *9.

Based on these facts, and those set forth in Section V, D *infra*, the subsidiary corporations are inarguably part of a single integrated entity controlled by Defendant Kohli, and jurisdiction over those subsidiaries is therefore appropriate. *See, e.g., N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.,* No. 08-1731, 2010 U.S. Dist. LEXIS 65189, **19-20 (D. N.J. June 30, 2010) (finding subsidiary and parent acted as a single entity thereby conferring jurisdiction over the out-of-state parent company).

Unlike *Magill*, 2021 U.S. Dist. LEXIS 63920, *18, where this Court held that "there is no indication that Defendants availed themselves of the privileges of conducting business in New Jersey, and New Jersey has little interest in this case,"

there is significant evidence here that the Pennsylvania Defendants availed themselves to the privileges of conducting business in New Jersey. First, the Pennsylvania Defendants benefited from the solicitation of labor conducted by Mr. Kohli. *See* Answer at ¶30 (admitting that restaurants benefited from solicitations conducted by Mr. Kohli). Second, several of the Pennsylvania Defendants used the New Jersey office of the Small Business Administration in seeking government loans. *See* SBA Complaint, at ¶81. In addition, many of the Pennsylvania Defendants banked in New Jersey and/or had their "legal address" in New Jersey. *See* Wells Decl. at ¶¶25-29. Consequently, New Jersey clearly has a significant interest in ensuring that integrated enterprises centered in New Jersey comply with federal wage laws.

Defendants' support for its argument against jurisdiction simply misses the mark. Indeed, Defendants' reliance on *Gervino v. Shell Gas Station,* No. CV 2:22-00009, 2022 U.S. Dist. LEXIS 120647 (D. N.J. July 8, 2022), a case that is distinguishable from the instant matter to a degree that renders it meaningless here, demonstrates the absurdity of Defendants' position. In *Gervino,* a New Jersey individual, who was injured in Louisiana, attempted to sue the Louisiana-based company where he was injured in New Jersey, arguing that it was affiliated with gas stations in New Jersey. *Id.,* at **5-6. The *Gervino* court held that "Defendants' mere affiliation with [Shell gas company] does render Defendants essentially at home in

New Jersey." *Id.,* at *6. Importantly, the *Gervino* court noted, "Defendants do not own anything in New Jersey, nor do they conduct any business in the state; Defendants also do not have and have never had employees or members in New Jersey." *Id.*, at *2. No such facts exist in this matter. Rather, as set forth in Plaintiff's pleadings, and borne out by Defendants' representations in other courts, Defendant Kohli is the head of a single organization, comprised of his various restaurant entities, each of which has availed itself to the privileges of conducting business in New Jersey. Indeed, Plaintiff has alleged and shown more than a mere "affiliation" between all the Defendants and the Pennsylvania Defendants' contacts with New Jersey.

In short, Plaintiff has adequately demonstrated the Court's jurisdiction over the Pennsylvania Defendants.

**B. Defendants' Reliance on *Fischer* Is – At Best -- Woefully Premature**

Tacitly acknowledging the shortcomings of their argument regarding jurisdiction, Defendants assert that this Court should nonetheless deny jurisdiction because Tipped Employees in the proposed opt-in collective action will not be able to establish this Court's jurisdiction over their claims. *See* Defendants' Brief at 20. In support of this argument, Defendants cite the recent Third Circuit decision *Fischer v. Fed. Express Corp.,* 42 F.4th 366 (3d Cir. 2022).

At best, Defendants' argument is woefully premature, as District Courts in New Jersey have long held that the issue of jurisdiction over absent class members is best addressed at the certification stage of the proceeding; not at this nascent stage. *See, e.g., Chernus*, 2018 U.S. Dist. LEXIS 70784, **19-22 (finding issue of whether court had jurisdiction over absent class members is an issue best addressed at the class certification stage); *Back2Health Chiropractic Ctr., LLC v. Sentinel Ins. Co.*, No. 20-6717, 2021 U.S. Dist. LEXIS 47791, *14 (D. N.J. Mar. 15, 2021) (same).

More substantively, if Plaintiff's well-pled claims bear out in discovery – that Defendant Kohli is the head of an organization of restaurants that systematically violated the FLSA (*see, e.g.,* Amended Complaint at ¶67) – each employee would have a claim against Defendant Kohli as their joint employer and their individual restaurant, which was part of Defendant Kohli's integrated single enterprise. *See, e.g., Grane Health Care,* 712 F.3d at 150 (where separate entities are determined to constitute "a single employer, they are jointly and severally liable for remedying unfair labor practices committed by either of them") (citation omitted). Accordingly, as pled, Plaintiff has brought sought against Defendants in their home jurisdiction in accordance with *Fisher*.[15] Thus, Defendants' request that this Court put the proverbial cart before the horse should be rejected. *See generally Thompson v. Real*

---

[15] Indeed, as Defendant Kohli represented in a prior legal matter, many of the Pennsylvania Defendants' "legal address" is in New Jersey. *See* Wells Decl. at ¶29.

*Estate Mortg. Network,* 748 F.3d 142, 147 (3d Cir. 2014) ("a plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element") (internal quotation omitted).

Indeed, it is telling that Defendant Kohli does not seek dismissal based on a joint employer argument. *See* Defendants' Brief at 22 (only the "Non-Employer Defendants" – e.g., Defendants other than Defendant Kohli and Defendant AARKH Gloucester -- seek dismissal based on a claim of not being a joint employer). Rather, he filed an Answer to Plaintiff's initial complaint. *See* ECF No. 13.

It is well-established that, in New Jersey, "a company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *Guzman v. Mana*, No. 17-2551, 2018 U.S. Dist. LEXIS 231914, **8-9 (D. N.J. Dec. 6, 2018) (quoting *Thompson*, 748 F.3d at 153). Here, the factual allegations clearly demonstrate Defendant Kohli's liability as a joint employer. Defendant Kohli is the owner of the various restaurant franchisees. *See, e.g.,* Amended Complaint at ¶¶67-76. The employee handbook notes that person at the top of the "chain of command" is the "Franchise Owner." *See* ECF No. 16-8, at Section 1.0. Further, the letter to employees advising of a change in rate of pay came from Defendant Kohli. *See* Amended Complaint at ¶77. In addition, Defendant Kohli led numerous meetings with employees. *Id.*, at ¶ 84.

Consequently, Plaintiff's Amended Complaint plainly alleges that Defendant Kohli was a joint employer. *Guzman*, 2018 U.S. Dist. LEXIS 231914 (denying motion to dismiss and finding "while not a model of clarity," plaintiff's complaint sufficiently alleged an individual to be a joint employer). As set forth in Section V, D *infra*., Defendant Kohli's restaurants operate as a single, integrated enterprise rendering dismissal of any Defendant inappropriate.

**C. In The Alternative, Plaintiff Should Be Allowed Jurisdictional Discovery**

With access only to public documents, Plaintiff has demonstrated that this Court has jurisdiction over the Pennsylvania Defendants. Though Plaintiff has presented more than sufficient evidence to establish personal jurisdiction over the Pennsylvania Defendants, if this Court determines otherwise, Plaintiff respectfully requests that she be provided with the opportunity to conduct limited jurisdictional discovery. The Third Circuit permits such discovery, having previously held that:

> [C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is **clearly frivolous**. If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.

*Toys "R" Us, Inc. v. Step Two, S.A.* 318 F.3d 446, 456 (3d Cir. 2003) (citations and quotations omitted) (emphasis added).

Indeed, courts in this District have noted "Plaintiff's right to jurisdictional discovery" to determine whether a defendant's "contacts with the state are sufficient." *Bellator Sport Worldwide, LLC v. Zuffa, LLC*, No. 10-cv-4091, 2011 U.S. Dist. LEXIS 162468, *7 (D. N.J. Dec. 16, 2011). It is a "low evidentiary standard required to make" such "a prima facie case . . .to trigger limited jurisdictional discovery." *Id.* Here, Plaintiff clearly meets this low threshold. *See, e.g., Transp. Ins. Co. v. Am. Harvest Baking Co.*, No. 15-663 (NLH/AMD), 2015 U.S. Dist. LEXIS 168018, **16-17 (D. N.J. Dec. 16, 2015) (where "one of the issues may tip slightly" in party's favor requesting jurisdictional discovery, that party "has not presented a 'clearly frivolous' claim of jurisdiction" and thus granting limited jurisdictional discovery).

With this submission, Plaintiff has presented specific, particular facts demonstrating personal jurisdiction over the Pennsylvania Defendants. It cannot be plausibly argued that her claims are "clearly frivolous." Indeed, based on Defendants' submissions to a sister Court alone, Plaintiff has presented a prima facie case for exercising jurisdiction over the Pennsylvania Defendants. Here, Plaintiff has shown that certain of the Pennsylvania Defendants clearly interacted within New Jersey. Moreover, Plaintiff has amply demonstrated that control over each entity came from within New Jersey. As such, Plaintiff exceeds the "reasonable

particularity" standard and it cannot be said that Plaintiff's claims are "clearly frivolous."

Moreover, due to Defendants' purposeful attempt to insulate themselves from liability by establishing an integrated enterprise consisting of multiple layers of limited liability companies, Plaintiff should be entitled to fully establish the relationships between the individual Defendant entities. At a minimum, Plaintiff has set forth facts showing a nexus between the entities located in the Commonwealth of Pennsylvania and their control by Defendants based in the State of New Jersey. Should Defendants argue that Mr. Kohli and his New Jersey controlled entities do not control the Pennsylvania Defendants or that the Pennsylvania Defendants do not have sufficient contacts with New Jersey (despite the findings of the Court in *AARK Rest. Group LLC v. U.S. Small Busin. Admin.*), then Plaintiff is entitled to conduct discovery as to these limited issues.

This Honorable Court itself has noted, "in some cases jurisdictional discovery is appropriate" and that such discovery "'is [] available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction.'" *Witasick v. Hambrecht*, No. 12-3755 (NLH), 2013 U.S. Dist. LEXIS 41209, n. 10 (D. N.J. Mar. 25, 2013) (quoting *Everything Yogurt Brands*, 2009 U.S. Dist. LEXIS 94601, *3). Respectfully, this is such a case. Plaintiff has presented sufficient evidence and proffered a legitimate legal theory for this Court to grant limited

jurisdictional discovery. *Cf. Atl. Clean Energy Supply, LLC v. Sunergy Cal., LLC,* No. 20-1199-NLH, 2021 U.S. Dist. LEXIS 4585, *10 (D. N.J. Jan. 11, 2021) (in granting a Rule 12(b)(2) motion, finding jurisdictional discovery not warranted where "Plaintiff has failed to provide this Court with a legitimate legal theory . . . that suggests limited discovery will lead to a different result).

### D. The Amended Complaint Adequately Alleges A Single Integrated Enterprise

A court can pierce the corporate veil that normally separates two or more companies and find that the separate companies have, in fact, acted as a "so-called single integrated enterprise[] . . . 'so that, for all purposes, there is in fact only a single employer.'" *Ye Ming Huang v. Sakura Mandarin, Inc.*, No. 21-3757, 2022 U.S. Dist. LEXIS 101690, *5 (E.D. Pa. June 7, 2022) (quoting *NLRB v. Browning-Ferris Indus. of Pa.,* 691 F.2d at 1122). In an integrated enterprise

> the entities do not operate "at arm's length." *Pearson*, 247 F.3d at 491. Their operations are so "integrated" that they function as a single unit. *Browning-Ferris*, 691 F.2d at 1121; accord *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402, 80 S. Ct. 441, 4 L. Ed. 2d 400 (1960). One member's actions are "attributable" to the others. *Engelhardt v. S.P. Richards Co., Inc.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006). The members are separate entities in name only. *Browning-Ferris*, 691 F.2d at 1122.
>
> In such an enterprise, the entities "are jointly and severally liable for remedying unfair labor practices committed by either of them." *Grane Health Care v. NLRB*, 712 F.3d 145, 150 (3d Cir. 2013). In other words, the underpaid employee can sue both his nominal employer and its

> integrated affiliates in the enterprise. The goal, as with all veil-piercing, is to prevent the entities from using their "formally separate legal existence[s] as a shield against liability for [their] collective violations" of labor law. *Martin v. Linear Eatery, Inc.*, 423 F. Supp. 3d 432, 437 (E.D. Mich. 2019).

*Ye Ming Huang*, 2022 U.S. Dist. LEXIS 101690, **5-6. Importantly, the "FLSA explicitly contemplates that related companies might be liable for each other's actions . . ." *Id.,* at *8 (citing 29 U.S.C. §203(a), (d)).

To determine whether separate entities are, in fact, an integrated enterprise, courts consider four factors: (i) do the companies share common ownership or financial control; (ii) how integrated are the companies' operations; (iii) do the companies share common management; (iv) have the companies centralized control of labor relations? *Ye Ming Huang*, 2022 U.S. Dist. LEXIS 101690, *9 (citing *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486 (3d Cir, 2001)). Importantly, the four-factor test "considers the totality of the circumstances" with "no single factor" being dispositive. *Xiao v. Sichuan Gourmet LLC*, No. 21-cv-00482, 2022 U.S. Dist. LEXIS 49050, *9 (W.D. Pa. Mar. 18, 2022) (internal quotation omitted).[16]

Further, at the motion to dismiss stage, a court analyzing whether a plaintiff has adequately pled an integrated enterprise must take into consideration the access

[16] The *Xiao* court noted, that within the Third Circuit, the first three factors are generally considered more important than the fourth factor. *Xiao*, 2022 U.S. Dist. LEXIS 49050, *9 n.4.

to information that employee has. *Id.,* at *27 (denying a motion to dismiss and finding an integrated enterprise, noting that "[a]s a non-managerial employee, Plaintiff understandably does not have access to detailed [financial] information . . . or insight into other aspects of corporate structure and high-level operational control"); *see also Thompson,* 748 F.3d at 149 (in the joint employer context, reversing a district court's dismissal and noting that plaintiff "a low-level employee . . . had no opportunity for discovery" regarding the interaction between the two companies).

In the instant matter, the four factors all counsel in favor of finding an integrated enterprise. First, the companies share common ownership. Indeed, Defendant Kohli touts the fact that he is the "President" of numerous Friendly's franchises, including those located in Pennsylvania. *See, e.g.,* Amended Complaint at ¶¶69, 71. Moreover, Defendant Kohli clearly controls the financials of the subsidiaries as he is the one who sought government loans on behalf of several of the restaurant Defendants, including the following Pennsylvania Defendants: AARK Bensalem, AARK Langhorne, AARK Morrisville, and AARK Norristown. *See, e.g., See AARK Rest. Grp.*, 2022 U.S. Dist. LEXIS 77102, *7 (noting that almost all substantive communications were between Defendant Kohli and the SBA loan officer). Further, whether a SBA loan could be disbursed was at the discretion of

AARK Restaurant Group (*see* Wells Decl. at ¶36), which Defendant Kohli was the "President" of. *See* Amended Complaint at ¶74.

Second, the AARK Entities unquestionably have integrated operations. Plaintiff herself witnessed employees being sent from one location to another when the second location was short staffed. *See* Amended Complaint at ¶91; *see also* Elmer Decl. at ¶19. In *Xiao,* the court noted the fact that employees from one company were directed to report to another company counseled in favor of finding an integrated enterprise. *Xiao*, 2022 U.S. Dist. LEXIS 49050, *25; *see also Chica v. Constr. Corp.,* No. 21-CV-869, 2022 U.S. Dist. LEXIS 60359, *14 (E.D.N.Y. Mar. 31, 2022) ("Facts that weigh in favor of finding [an integrated enterprise] include the use of the same employees at multiple locations"). In addition, the employee handbooks specifically advise employees that they may be sent to another location to cover a shift. *See* Amended Complaint at ¶114 (employee handbook warns that employees may be required to temporarily work at another Friendly's location at their manager's discretion). Finally, the Defendants have sent customers from one location that closed to other restaurants within the integrated enterprise. *Id.,* at ¶102. Thus, this factor strongly supports a finding of an integrated enterprise. *Cf. Ye Ming Huang*, 2022 U.S. Dist. LEXIS 101690, *10 (finding no integrated enterprise where "the restaurants operate independently, selling distinct products under their own names").

Third, the AARK Entities share common management as Defendant Kohli sent correspondence to employees advising them of a change in the pay rate effective January 2022. *See* Amended Complaint at ¶77. In addition, Plaintiff pled that Defendants shared locations (*id.,* at ¶111) and that Defendant Kohli was the "President" of numerous Defendants. *Id.,* at ¶¶69, 71. This factor also favors a finding of a single integrated enterprise. *See, e.g., Chica*, 2022 U.S. Dist. LEXIS 60359, **15-16 (finding an integrated enterprise where "plaintiffs have sufficiently pleaded facts supporting the interference that the corporate defendants were under common management" and "shared an office").

Finally, Defendants have centralized control of labor relations. For example, Defendant Kohli admitted to using AARK Enterprises to solicit employees for his various restaurants. *See* Answer at ¶ 30. This has been the basis for finding an integrated enterprise and thus denying a motion to dismiss. *Reyes v. Altamarea Group, LLC*, No. 10 Civ. 6451, 2011 U.S. Dist. LEXIS 5195, *9 (S.D.N.Y. Jan. 18, 2011) (denying a motion to dismiss where plaintiffs alleged, *inter alia*, that one defendant had the power to accept job applicants for another defendant).

In addition, Plaintiff has plausibly alleged that, through the consolidated employee handbook, the restaurants share common employment policies, including with whom a server must share their tips. *See* Amended Complaint at ¶202. This fact also weighs in favor of finding an integrated enterprise. *Cf. Ye Ming Huang*, 2022

U.S. Dist. LEXIS 101690, *11 (finding no integrated enterprise where plaintiff has "not plausibly alleged that the restaurants share common employment policies, such as with tip distribution"). Indeed, Plaintiff noted that the employee handbook contains references to both Pennsylvania and New Jersey law; plausibly alleging that it was sent to Pennsylvania-based employees. *See* Amended Complaint at ¶106. In addition, Plaintiff alleged that when she briefly worked at the Glassboro and Cinnaminson locations, she was not paid by a different entity (*see* Amended Complaint at ¶138), further supporting the claim of a single, integrated enterprise.

"Such details are the backbone of a well-pleaded allegation" of an integrated enterprise. *Attanasio,* 863 F. Supp. 2d at 424. Thus, based on the four factors set forth in *Ye Ming Huang*, Plaintiff has adequately alleged an integrated enterprise. *See generally Ward v. Cottman Transmission Sys., LLC,* No. 18-2155 (NLH/JS), 2019 U.S. Dist. LEXIS 24685, *13 (D. N.J. Feb. 14, 2019) (in joint employer context, denying Rule 12 motion, holding that "while the pleading is imperfect and not exceedingly specific, it is neither implausible nor fatally deficient").[17]

[17] Notably, this Court in *Ward* rejected an argument raised by Defendants here – that Plaintiff's pleading is deficient because it does not plead which Defendants committed which acts. *Ward*, 2019 U.S. Dist. LEXIS 24685, **14-16.

Accordingly, no Defendant should be dismissed.[18] Indeed, courts have exercised jurisdiction over out-of-state entities based on a finding that the in-state and out-of-state entities were part of an integrated enterprise. *See, e.g., Williams v. PMA Cos.,* 419 F. Supp. 3d 471 (N.D.N.Y. 2019) (finding court had personal jurisdiction over a foreign parent entity because the actions of the parent's subsidiaries in New York could be imputed to it and the parent and its subsidiaries constitute a single employer).

Courts have found integrated enterprises to exist on far less allegations than those proffered here. For example, in *Perez*, the court denied a motion to dismiss where plaintiffs alleged that the corporate defendant owned twenty automotive dealerships, referred to itself as "one of the largest family-owned" auto dealerships in the country, and provided an employee handbook that contained company policies regarding, *inter alia*, timekeeping, paydays, work schedules, and pay deductions.

[18] Notwithstanding the foregoing, should the Court determine that Plaintiff has not adequately alleged an integrated enterprise, Plaintiff respectfully submits that she should be afforded one more opportunity to amend her pleadings. *See Attanasio,* 863 F. Supp. 2d at 426 (granting plaintiffs another opportunity to amend pleadings so as to adequately pled integrated enterprise between parent and subsidiary, holding "'a district court must permit a curative amendment unless such an amendment would be inequitable or futile'") (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)). *See also Williams v. Bob Evans Rests., LLC*, No. 18-cv-01353, 2020 U.S. Dist. LEXIS 145852, *23 (W.D. Pa. Aug. 13, 2020) (despite three prior pleadings, permitting plaintiffs one more opportunity to properly plead single enterprise).

*Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ 6091, 2013 U.S. Dist. LEXIS 35808, **21-23 (S.D.N.Y. Feb. 28, 2013).

Defendants' reliance on *Williams v. Bob Evans Rests., LLC*, does not support a different result. In *Williams*, the court determined that plaintiffs had failed to adequately pled a single enterprise because the court could not conclude, based on the pleadings, whether one defendant was the "Plaintiffs' direct employer, a joint employer, or that some combination of the Defendants is a single employer/enterprise." *Williams*, 2020 U.S. Dist. LEXIS 145852, *22. Notably, however, the *Williams* court held that it "cannot conclude that any further effort at amendment would be futile . . . dismissal will come with one more opportunity for the Plaintiffs to amend" their pleadings. *Id.*, at *23.

Here, Plaintiff has adequately pled which entity she largely worked for and identified which entities she has paychecks from – clearly putting Defendants on notice as to which entity paid her. *See, e.g.,* Amended Complaint at ¶¶26, 137. Plaintiff also properly plead that she worked for other restaurants, identifying them, and further noting that two did not pay her separately. *Id.,* at 138. Most importantly, and distinguishable from *Williams*, Plaintiff plead that Defendant Kohli controlled the integrated enterprise of restaurants. *See, e.g.,* Amended Complaint at ¶67. In short, Plaintiff's Amended Complaint amply pleads "facts sufficient at least to

"suggest" a basis for liability." *Bond*, 2022 U.S. Dist. LEXIS 18739, *18 (citing *Spruill v. Gillis*, 372 F.3d 218, 236 n. 12 (3d Cir. 2004)). Nothing more is required.

**E. The Amended Complaint Adequately Alleges Willfulness**

Defendants assert that Plaintiff's Amended Complaint fails to establish Defendants' FLSA wage violations were willful. *See* Defendants' Brief at 30. Yet again, Defendants seek to hold Plaintiff to a pleading standard not recognized by the Third Circuit.

In this Circuit, "[w]hether a violation of the FLSA is willful is a question of fact . . . ." *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010); *see also Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991) (explaining that determination of willfulness under FLSA is a question of fact but whether defendant's "knowledge or intent amounted to willfulness under the statute is a question of law"). Indeed, courts in this District routinely find that it is a question of fact as to whether a defendant violated the FLSA. *See, e.g., Jun Yin v. Hanami Westwood, Inc.,* No. 14-00809, 2016 U.S. Dist. LEXIS 180730, *19 (D. N.J. Dec. 30, 2016) (denying defendants' motion for summary judgment as to issue of willfulness, holding "there is a question of fact as to whether Defendants willfully violated the FLSA").

Despite this established precedent, Defendants assert that this Court should follow a case from outside this Circuit – *Whiteside v. Hover-Davis, Inc.*, 995 F.3d

315 (2d Cir. 2021). In *Whiteside*, the Second Circuit held that "an FLSA plaintiff must plausibly allege willfulness to secure the benefit of the three-year limitations period for willful violations of the FLSA at the pleadings stage . . ." *Id.*, at 325. According to Defendants, Plaintiff's Amended Complaint fails to properly plead any willful violation of the FLSA. *See* Defendants' Brief at 33. That is simply not accurate.

There are several allegations in the Amended Complaint that support a finding of willfulness. These include management personnel instructing Plaintiff and other employees to put in "zero" when declaring their tips, and improper back-of-the-house employees participating in the tip pool. *See, e.g.,* Amended Complaint at ¶¶200-201. Indeed, as Plaintiff alleged, the employee handbook expressly indicates that Tipped Employees "will be required to share . . . their gratuity tips with . . . Expeditors." *Id.,* at ¶202 (quoting employee handbooks). The employee handbooks are attached to Plaintiff's pleading.[19]

Consequently, Plaintiff's pleading is far more robust than the complaint in the case relied upon by Defendants -- *Lincoln v. Apex Human Servs. LLC*, No. 22-341, 2022 U.S. Dist. LEXIS 115639 (E.D. Pa. June 29, 2022). In *Lincoln*, an employee

---

[19] It is well established in this Circuit that sharing tips with individuals who rarely interact with customers, such as an expediters, would constitute a violation of the FLSA's tip credit provisions. *See Ford v. Lehigh Valley Rest. Group, Inc.,* No. 14cv227, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

misclassification case, the district court dismissed the willfulness claim because plaintiff

> merely avers that defendants were fully aware of state and federal law but failed to classify her and others properly as employees, instead classifying all of them as independent contractors. Plaintiff makes conclusory statements that defendants willfully violated the FLSA. This is not enough to make plausible the claim that defendants knew or recklessly disregarded that their actions violated the FLSA. Negligence is not sufficient.

*Lincoln*, 2022 U.S. Dist. LEXIS 115639, *7. Here, in contrast, Plaintiff has alleged that Defendants were not merely negligent; they were actively participating in the violations of the law, by instructing their employees to enter "zero" for tips and, thus, failing to maintain accurate records. At a minimum, Defendants were certainly aware that their employees' records were not accurate. *See D'Alessio v. Cty. of Essex,* No. 18-10731, 2021 U.S. Dist. LEXIS 223811, *18 (D. N.J. Nov. 19, 2021) (an "awareness of impropriety" or awareness that actions could violate the FLSA, can support a finding of willfulness and thus renders summary judgment inappropriate).

In short, all that Rule 8 requires is simple notice pleading. Plaintiff's Amended Complaint certainly traverses that low threshold with respect to her allegations that Defendants willfully violated the FLSA.[20]

[20] Notably, Defendants' motion itself makes plain that Defendants are well-aware of Plaintiff's claim that Defendants willfully violated the FLSA. Nothing more is required at this nascent stage.

## VI. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants' Rule 12(b)(2) and Rule 12(b)(6) motions. Alternatively, Plaintiff respectfully requests this Court deny Defendants' Rule 12(b)(6) motion and order limited jurisdictional discovery so that Plaintiff can fully elucidate all the factual reasons why this Court has jurisdiction over the Pennsylvania Defendants.

Dated: October 24, 2022

Respectfully submitted,

**CONNOLLY WELLS & GRAY, LLP**

By: */s/Gerald D. Wells, III*
Gerald D. Wells, III
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email: gwells@cwglaw.com
rgray@cwglaw.com

**KALIKHMAN & RAYZ, LLC**
Lawrence Kalikhman
1051 County Line Road, Suite A
Huntingdon Valley, PA 19006
Telephone: 215-792-2963
Facsimile: 215-364-5029
Email: lkalikhman@kalraylaw.com

By: */s/Lawrence Kalikhman*
***Attorneys for the Plaintiff & the Proposed Classes***