UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIANNA ELMER<br>on behalf of herself and all<br>others similarly situated<br>            *Plaintiff,*<br><br>             v.<br><br>AMOL R. KOHLI; AARK<br>HOSPITALITY; AARK<br>ENTERPRISES; AARK<br>ENTERPRISES, INC.;<br>AARK RESTAURANT GROUP, LLC;<br>AARK ENTERPRISES PA, INC.;<br>AARK HOSPITALITY BENSALEM FR,<br>INC.; AARK HOSPITALITY CHADDS<br>FORD, INC.; AARK HOSPITALITY<br>CWH FR, INC.; AARK<br>HOSPITALITY DANVILLE FR, LLC;<br>AARK HOSPITALITY DUNMORE FR,<br>LLC; AARK HOSPITALITY EAST<br>STROUDSBURG FR, LLC; AARK<br>HOSPITALITY FRAZER, INC.;<br>AARK HOSPITALITY FTW FR,<br>INC.; AARK HOSPITALITY<br>GLASSBORO FR, LLC; AARK<br>HOSPITALITY GLOUCESTER INC.;<br>AARK HOSPITALITY LANGHORNE<br>FR, INC.; AARK HOSPITALITY<br>MEDIA, INC.; AARK HOSPITALITY<br>MOORESTOWN, INC.; AARK<br>HOSPITALITY MORRISVILLE FR,<br>INC.; AARK HOSPITALITY MT.<br>LAUREL, INC.; AARK<br>HOSPITALITY MT. LAUREL II,<br>INC.; AARK HOSPITALITY<br>NORRISTOWN, INC.; AARK<br>HOSPITALITY NORTHFIELD, INC.;<br>AARK HOSPITALITY PENNSDALE<br>FR, LLC; AARK HOSPITALITY<br>PHILADELPHIA, INC.; AARK<br>HOSPITALITY SCRANTON FR, LLC;<br>AARK HOSPITALITY SICKLERVILLE<br>TK, INC.; AARK HOSPITALITY<br>SICKLERVILLE, LLC; AARK | 1:22-cv-02303-NLH-AMD<br><br>**OPINION & ORDER** |

| |
|---|
| HOSPITALITY SPRINGFIELD, INC.; AARK HOSPITALITY VINELAND MALL, INC.; AARK HOSPITALITY VINELAND, INC.; AARK HOSPITALITY VOORHEES, INC.; AARK HOSPITALITY VOORHEES II, INC.; AARK HOSPITALITY WILKS BARRE FR, LLC; and, DOE DEFFENDANTS 1-10<br>    *Defendants.* |

**APPEARANCES**:

Gerald D. Wells, Esq.
Connolly Wells & Gray, LLP
101 Lindenwood Drive - Suite 225
Malvern, PA 19355

Lawrence Kalikhman, Esq.
Kalikhman & Rayz, LLC
1051 County Line Road - Unit 102
Huntingdon Valley, PA 19006

  *Representing Plaintiff*

Benjamin David Salvina, Esq.
Marzzacco Niven & Associates
945 East Park Drive - Suite 103
Harrisburg, PA 17111

Claire Blewitt Ghormoz, Esq.
Dilworth Paxson LLP
1500 Market Street - Suite 3500e
Philadelphia, PA 19102

  *Representing Defendants*

**HILLMAN**, District Judge

WHEREAS, on April 20, 2022, Plaintiff filed a Complaint on behalf of herself and all others similarly situated, against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

et seq. (for Tip Credit and Minimum Wage violations) and the New Jersey Minimum Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. (ECF No. 1); and

WHEREAS, on August 26, 2022, all Defendants except AARK Hospitality Gloucester, Inc. and Amol R. Kohli filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 12); and

WHEREAS, on August 26, 2022, Defendants AARK Hospitality Gloucester, Inc. and Amol R. Kohli filed an Answer to Plaintiff's Complaint (ECF No. 13); and

WHEREAS, on September 6, 2022, Plaintiff filed an Amended Complaint (ECF No. 16), thereby rendering the previously filed Motion to Dismiss (ECF No. 12) moot (ECF No. 25); and

WHEREAS, on September 20, 2022, all Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19), partially on the basis of lack of personal jurisdiction; and

WHEREAS, when a plaintiff alleges sufficient facts to establish jurisdiction over a defendant, the court must accept these allegations as true and construe disputed facts in favor of the plaintiff. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330-31 (3d Cir. 2009) (citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)); and

WHEREAS, upon review of Plaintiff's Amended Complaint in conjunction with all briefing pertaining to Defendants' Motion (ECF Nos. 19-1, 22-23), this Court is not satisfied that

Plaintiff has established personal jurisdiction over all Defendants; and

WHEREAS, "[o]nce challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)); see also Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (reiterating that when a motion to dismiss is made, the plaintiff must establish a prima facie case of personal jurisdiction)(citations omitted); and

WHEREAS, "[i]n the Third Circuit, jurisdictional discovery is [] available to assist a plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction." Everything Yogurt Brands, LLC v. M.A.R. Air Foods, Inc., No.Civ.A.09-4847, 2009 U.S. Dist. LEXIS 94601, at *3 (D.N.J. Oct. 9, 2009) (citing Metcalfe, 566 F.3d at 336); and

WHEREAS, Jurisdictional discovery is generally allowed unless the claim of jurisdiction is "clearly frivolous." Toys "R" Us, 318 F.3d at 456l; and

WHEREAS, in order to demonstrate that the claim is not clearly frivolous, the plaintiff must "present[] factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state[.]'" Id. (internal citation omitted);

and

WHEREAS, in this case, Plaintiff has demonstrated her claims are not clearly frivolous; the determination of personal jurisdiction over several Defendants in this matter involves a detailed analysis of the corporate structures of Defendants, their obligations and liabilities to and for one another, and whether they have purposefully availed themselves to the state of New Jersey; and

WHEREAS, because this Court is unable to engage in this analysis without more facts, jurisdictional discovery is appropriate.

THEREFORE, it is on this 10th day of April 2023,

**ORDERED** that this matter is REFERRED to United States Magistrate Judge Ann Marie Donio for purposes of defining the scope and setting a schedule for jurisdictional discovery and oversight of same; and it is further

**ORDERED that** Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19), be, and the same hereby is, DENEID WITHOUT PREJUDICE.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.